**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

SAM EDWARD THURMOND, SR.
ADC # 127149                                                                                     PLAINTIFF

V.                                    4:10-cv-00172-JMM

KOHL'S DEPARTMENT STORES, INC.,
ELIZABETH TOMASSO, Loss Prevention Officer,
Kohl's Department Store; and JOHN DOE, Corporate
Loss Prevention Officer, Kohl's Department Stores                     DEFENDANTS

## ORDER

Plaintiff, an inmate of the Arkansas Department of Correction at the East Arkansas Regional Unit, filed this action *pro se* concerning his arrest for shoplifting at Kohl's Department Store in Conway. Plaintiff has also filed two Motions to Amend (Doc. Nos. 3 & 5) to add the City of Conway as a defendant.

According to his pleadings, Plaintiff was arrested and detained on August 31, 2009, by Conway Police Department for shoplifting at Kohl's Department Store. He was charged with theft of property and "adjudicated" in Faulkner County District Court on September 2, 2009. Plaintiff alleges that on September 9, 2009, Ms. Tomasso instigated a malicious prosecution by filing an affidavit charging him with theft of property in Faulkner County District Court and obtained a warrant (for the same incident adjudicated on September 2, 2009). Plaintiff was arrested October 7, 2009, by Conway Police Department on the warrant and charged with theft of property. However, on October 9, 2009, a Faulkner County District Court judge dismissed the charge.

Plaintiff contends the "prosecution was instituted solely for the purposes of collecting a debt or extorting money" from him, and that on September 22 and October 29, 2009, he received "threatening letters from Kohl's department store corporate office of loss prevention demanding

money and was threaten[ed] with a civil lawsuit if demands were not met." By way of relief Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

**I.     SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's recent opinion in *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 1950, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 545-46.

## II.    ANALYSIS

Plaintiff's complaint seeks to bring a claim against the Defendants pursuant to 42 U.S.C. § 1983. However, "section 1983 is not itself a source of substantive rights." *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(internal quotations omitted). Much like the scenario in *Albright*, Plaintiff's claim here is one of infringement of substantive due process rights to be free of prosecution without probable cause. Courts in this district have refrained from invoking section 1983 in cases with similar facts because Arkansas, like Illinois in the *Albright* decision, provides a tort remedy for malicious prosecution. *See Osborne v. Howard*, 844 F. Supp. 511 (WD. Ark. Feb. 23, 1994), citing *Miles v. Southern*, 297 Ark. 274, 760 S.W. 2d 868 (1998) (setting forth the elements of a common-law claim of malicious prosecution). "The general rule is that an action for malicious prosecution does not state a claim of constitutional injury." *Technical Ordnance, Inc. v. United States*, 244 F. 3d 641 (8th Cir. 2001), citing *Pace v. City of Des Moines*, 201 F. 3d 1050, 1055 (8th Cir. 2000). Plaintiff's claims are, therefore, dismissed without prejudice to his right to pursue these claims in state court pursuant to state common-law principles of malicious prosecution.

## III.    CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's complaint (Doc. No. 2) is DISMISSED WITHOUT PREJUDICE, and all pending motions are DENIED AS MOOT;

  2. Dismissal of this action shall count as a "strike" for purposes of 28 U.S.C. § 1915(g);[1] and

  3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order would not be taken in good faith.

  DATED this __21__ day of April, 2010.

                _____
                JAMES M. MOODY
                UNITED STATES DISTRICT JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."